UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-24347-CV-MARTINEZ
MAGISTRATE JUDGE REID

KARAKA CAMPBELL,

    Petitioner,

v.

STATE OF FLORIDA,

    Respondent.
_____/

## **REPORT OF MAGISTRATE JUDGE**

### I. Introduction

This matter is before the Court on Petitioner's *pro se* Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. [ECF No. 1]. This cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Admin. Order 2019-2. [ECF No. 2].

Petitioner, **Karaka Campbell**, is a state prisoner sentenced to fifteen years' imprisonment followed by eighteen months of drug offender probation after a jury trial in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida in **Case No. F-12-020107**. [ECF No. 9-1 at 51-53, 80]. In this federal habeas case, Petitioner seeks to challenge the constitutionality of his state court conviction. [ECF No. 1].

Petitioner contends that this Petition is timely. [ECF No. 1 at 13-14]. However, in its Response to the Undersigned's Order to Show Cause [ECF No. 5], Respondent argues that Petitioner's case was not timely brought within the one-year statute of limitations period of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d). [ECF

No. 8 at 12-14]. Petitioner did not file a reply contesting Respondent's assertion, despite being permitted to do so. [ECF No. 5 at 6].

Accordingly, upon review of the Petition and all relevant documents in this case and the state court, the Undersigned **RECOMMENDS** that the Petition [ECF No. 1] be **DISMISSED** as untimely.

## II. Statutory Tolling Under § 2244(d)(1)(A)-(D)

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding. *See Wilcox v. Fla. Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir. 1998) (*per curiam*). AEDPA imposes a one-year statute of limitations on petitions for writ of habeas corpus filed by state prisoners. *See* 28 U.S.C. § 2244(d)(1). Specifically, AEDPA provides that the limitations period shall run from the latest of —

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The limitations period is tolled, however, for the time during which a properly filed application for post-conviction or other collateral review is pending in the state court. *See* 28

U.S.C. § 2244(d)(2). Consequently, if a petitioner sat on any claim or created any time gaps in the review process, the one-year clock would continue to run. *See Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013).

### III. Discussion

On December 5, 2013, Petitioner was found guilty in **Case No. F-12-020107** on two counts of burglary of an unoccupied dwelling following a jury trial. [ECF No. 9-1 at 49]. Petitioner was sentenced on February 27, 2014, to 180.03 months' imprisonment followed by three years of drug offender probation. [*Id*. at 56-58]. On February 19, 2015, Petitioner filed a Rule 3.800(b)(2) Motion to Correct Sentence. [*Id*. at 65-69]. On March 12, 2015, the post-conviction court granted the Petitioner's Motion to Correct Sentence. [*Id*. at 71]. On April 2, 2015, the trial court corrected Petitioner's sentence to fifteen years' imprisonment followed by eighteen months of probation. [*Id*. at 80].[1]

On December 12, 2013, Petitioner filed an appeal.[2] [*Id*. at 85-87, 88-119]. The trial court was affirmed in a written opinion by the Third District Court of Appeal on July 13, 2016. *See Campbell v. State*, 208 So. 3d 126, 130 (Fla. 3d DCA 2016); *see also* [ECF No. 9-1 at 154-60]. On July 28, 2016, Petitioner moved for rehearing or for certification of conflict. [*Id*. at 162-68]. On October 17, 2016, the Third District Court of Appeal denied the motion for rehearing or for certification of conflict [*Id.* at 170] and, on November 3, 2016, the mandate issued. [*Id.* at 172].

On November 7, 2016, Petitioner filed a Notice to Invoke Jurisdiction of the Florida Supreme Court [*Id*. at 174], and on November 17, 2016, he filed his Jurisdictional Brief. [*Id*. at

---

[1] On May 5, 2017, the trial court noted in its docket insert card: "Sentence was corrected because of contact with F.D.O.C. E-mail needing clarification of sentence." [ECF No. 9-1 at 25].

[2] Petitioner mistakenly addressed the Notice of Appeal to the Fifth District Court of Appeal, instead of the Third District Court of Appeal, which had jurisdiction over the case.

3

187-97]. On March 30, 2017, the Florida Supreme Court declined to accept jurisdiction and denied the petition for review. *See Campbell v. State*, No. SC16-2024, 2017 WL 1177676, at *1 (Fla. Mar. 30, 2017); *see also* [ECF No. 9-1 at 221].

Thus, Petitioner's conviction became final on June 28, 2017, ninety days after March 30, 2017, when the Florida Supreme Court denied jurisdiction. *See Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1274–75 (11th Cir. 2006) ("The judgment becomes 'final' on the date . . . after the expiration of the 90-day period in which the petitioner could have filed a petition for a writ of certiorari" with the United States Supreme Court."); *see also Matos v. Sec'y, Fla. Dep't of Corr.*, 603 F. App'x 763, 766 (11th Cir. 2015) (judgment of conviction and sentence became final when petitioner's "opportunity to file a petition for a writ of certiorari to the United States Supreme Court expired 90 days after the Florida Supreme Court declined to accept jurisdiction").

Petitioner filed a Rule 3.850 Motion for Post-Conviction Relief on February 14, 2018, allowing **231 days** of time to pass. [ECF No. 9-1 at 223-34]. On June 29, 2018, the post-conviction court issued a written order denying the 3.850 Motion for Post-Conviction Relief. [*Id*. at 279-82]. On July 27, 2018, Petitioner filed a Notice of Appeal.[3] [*Id*. at 284-86]. The Third District Court of Appeal *per curiam* affirmed the trial court's denial of the Petitioner's motion without opinion. *See Campbell v. State*, 254 So. 3d 386 (Fla. 3d DCA 2018) (table); *see also* [ECF No. 9-1 at 319]. On October 18, 2018, the Third District Court of Appeal issued its mandate. [ECF No. 9-1 at 321].

---

[3] Absent evidence to the contrary, in accordance with the prison mailbox rule, a *pro se* prisoner's filing is deemed filed on the date it is delivered to prison authorities for mailing. *See Washington v. United States,* 243 F.3d 1299, 1301 (11th Cir. 2001); *see also* Fed. R. App. 4(c)(1).

Exactly **365 days later**, Petitioner filed this federal habeas action on October 18, 2019.[4] [ECF No. 1 at 1]. In total, **596 days** of un-tolled time elapsed before petitioner came to this Court. Thus, it is evident that there was over one year during which no post-conviction proceedings were pending to toll the federal limitations period. Although, Petitioner contends that this habeas petition is timely [ECF No. 1 at 13-14], his assertion is incorrect, and this federal habeas petition remains time-barred pursuant to 28 U.S.C. § 2244(d)(1)(A).

### IV. Equitable Tolling

Given the detailed procedural history narrated above, this federal habeas proceeding is due to be dismissed unless Petitioner can establish that equitable tolling of the statute of limitations is warranted. The Supreme Court has established a two-part test for equitable tolling, holding that a petitioner "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'… prevent[ing] timely filing." *Lawrence v. Fla.*, 549 U.S. 327, 336 (2007). Petitioner bears the burden of establishing the applicability of equitable tolling by making specific allegations. *See Cole v. Warden, Ga. State Prison*, 768 F.3d 1150, 1158 (11th Cir. 2014) (*citing Hutchinson v. Fla.*, 677 F.3d 1097, 1099 (11th Cir. 2012)).

Determining whether a circumstance is extraordinary "depends not on 'how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period.'" *Id*. (*quoting Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008)).

While the record reveals that Petitioner was a proactive litigant during his direct appeal and post-conviction proceeding, he has not established any fact to support a finding that he is

---

[4] Absent evidence to the contrary, in accordance with the prison mailbox rule, a *pro se* prisoner's filing is deemed filed on the date it is delivered to prison authorities for mailing. *See Washington v. United States,* 243 F.3d 1299, 1301 (11th Cir. 2001); *see also* Fed. R. App. 4(c)(1).

5

"entitled to the rare and extraordinary remedy of equitable tolling." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1289 (11th Cir. 2002). This Court is not unmindful that Petitioner pursued collateral relief in the state forum. However, it is evident that there was well over one year of un-tolled time during which no properly filed post-conviction proceedings were pending which would act to toll the federal limitations period. Because of Petitioner's failure to properly and diligently pursue his rights, he has failed to demonstrate that he qualifies for equitable tolling of the limitations period.

### V. Actual Innocence

Lastly, if Petitioner means to argue here or in objections that he is entitled to review on the merits because of "actual innocence," it is now well settled that actual innocence may also serve to overcome the procedural bar caused by an untimely filing. To succeed on a claim of actual innocence, however, the petitioner "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). "Actual innocence" requires the petitioner to show "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

As applied here, Petitioner presents no new evidence, let alone any "new reliable evidence," to support a claim of "actual innocence." He has also failed to suggest that such evidence exists, so as to meet the stringent actual-innocence standard. *See House*, 547 U.S. at 521, 536-37. Further, Petitioner has failed to demonstrate that he is entitled to statutory or equitable tolling of the federal limitations period. Thus, this § 2254 motion should still be dismissed as time-barred.

### VII. Evidentiary Hearing

6

Because the Petition can be resolved by reference to the state court record there is no need for an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2); *see also Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (holding that if the record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing). Petitioner has failed to satisfy the statutory requirements in that he has not demonstrated the existence of any factual disputes that warrant a federal evidentiary hearing.

## VIII. Certificate of Appealability

A petitioner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a Certificate of Appealability ("COA") to do so. *See* 28 U.S.C. § 2253(c)(1); *see also Harbison v. Bell*, 556 U.S. 180, 183 (2009).

This Court should issue a COA only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Alternatively, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

After review of the record, Petitioner is not entitled to a COA. If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the District Judge in the objections permitted to this Report and Recommendation.

## IX. Recommendations

Based on the above, it is **RECOMMENDED** that this Federal Habeas Petition [ECF No. 1] be **DISMISSED** as untimely, and the case **CLOSED**.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to do so will bar a *de novo* determination by the District Judge of anything in the Report and Recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985).

**SIGNED** this 3rd day of November, 2020.

UNITED STATES MAGISTRATE JUDGE

cc: **Karaka Campbell**
533048
Calhoun Correctional Institution
Inmate Mail/Parcels
19562 SE Institution Drive
Blountstown, FL 32424
PRO SE

**Brian Hernan Zack**
State of Florida - Office of the Attorney General
1 SE 3rd Avenue, Suite 900
Miami, FL 33131
3053775441
Email: brian.zack@myfloridalegal.com